UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANALIZ FERNANDEZ,<br><br>                     Plaintiff,<br><br>          -against-<br><br>ST. MORITZ SECURITY SERVICES, INC.;<br>SAMUEL VALDEZ, individually and as owner,<br>officer, director, manager, employee, representative<br>and/or agent of ST. MORITZ SECURITY SERVICES,<br>INC., and CASSANDRA TABLER, individually and as<br>owner, officer, director, manager, employee,<br>representative and/or agent of ST. MORITZ<br>SECURITY SERVICES, INC.,<br><br>                     Defendants. | Case No. 21 cv 2620<br><br>**NOTICE OF REMOVAL** |

Defendants St. Moritz Security Services, Inc. ("St. Moritz"), Samuel Valdez ("Valdez") and Cassandra Tabler ("Tabler") (collectively referred here in as "Defendants")  respectfully file this Notice of Removal, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, giving notice that they are removing this civil action to the United States District Court for the Southern District of New York. In support of this Notice of Removal, Defendants state the following:

## PROCEDURAL ALLEGATIONS

1.      On or about February 5, 2021, Plaintiff Analiz Fernandez commenced this action by filing a Complaint in the Supreme Court of the State of New York, County of New York, captioned *Analiz Fernandez v. St. Moritz Security Services, Inc.; Samuel Valdez, individually and as owner, officer, director, manager, employee, representative and/or agent of St. Moritz Security Services, Inc.; and Cassandra Tabler, individually and as owner, officer, director, manager, employee, representative and/or agent of St. Moritz Security Services, Inc.,* Index No. 151304-2021 (the "State Court Action").  *See* **Exhibit A.**

2.      On or about Thursday, February 11, 2021, the undersigned Defense counsel conferred with Plaintiff's counsel, Thomas S. Mirigliano, Esq. and agreed to accept service on behalf of all Defendants.    On February 27, 2021, undersigned Defense counsel completed the admission of service.  *See* **Exhibit B.**

3.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), within thirty days (30) from the date on which Plaintiff served her Complaint. *See* 28 U.S.C. § 1446(b). Upon information and belief, no other process, pleading or order has been filed in the State Court action. No orders have been signed by the state judge presiding over this action, and there are no pending motions.

## GROUNDS FOR REMOVAL

4.      The State Court Action is a civil action of which the District Courts of the United States have original jurisdiction by virtue of diversity jurisdiction granted by 28 U.S.C. § 1332(a).

5.      Plaintiff is an individual residing in the State of New Jersey.  **Exhibit A, ¶4.**

6.      Defendant St. Moritz is a Pennsylvania corporation with its principal place of U.S. business located at 4600 Clairton Boulevard, Pittsburgh, PA 15236-2114.  **Exhibit C.**

7.      Defendant Samuel Valdez is an individual residing in the State of New York. **Exhibit C.**

8.      Cassandra Tabler is an individual residing in the State of Pennsylvania.  **Exhibit C.**

9.      Plaintiff seeks, *inter alia*, compensatory damages, punitive damages and the recovery of her attorneys' fees under the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL").  *Se*e **Exhibit A, ¶¶** 1, 118 - 215.

10.      Because Plaintiff is a citizen of New Jersey, and Defendants are not citizens of New York, complete diversity of citizenship exists and this Court has diversity jurisdiction.  Diversity

jurisdiction exists in a civil matter where the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the dispute is between citizens of different states.  28 U.S.C. § 1332. Both of the requirements for subject matter jurisdiction based on diversity are met in this case.

11.     To qualify for diversity jurisdiction, there must be complete diversity between the parties, which means the plaintiff may not be a citizen of the same state as the defendant.  *See Lewis v. Hatem*, No. 19-CV-6446 (GBD) (KHP), 2019 US Dist. LEXIS 220555, at *11 (S.D.N.Y. Dec. 23, 2019).

12.     Citizenship of a natural person is established by domicile.  28 U.S.C. § 1332(a)(1). In the Complaint, Plaintiff states she is a resident of the State of New Jersey.  **Exhibit A**, ¶4.

13.     Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . . ."  28 U.S.C. § 1332(c)(1). Defendant St. Moritz Security Services, Inc., is a Pennsylvania corporation, with a principal place of U.S. business in the State of Pennsylvania. **Exhibit C.**  Defendant Valdez is a resident of New York, and Defendant Tabler is a resident of Pennsylvania.  **Exhibit C.**

14.     Accordingly, for the purposes of 28 U.S.C. § 1332(a)(1), diversity jurisdiction exists between Plaintiff (a citizen of New Jersey) and Defendants St. Moritz (a citizen of Pennsylvania), Valdez (a citizen of New York); and Tabler (a citizen of Pennsylvania)  at the time of filing this Notice of Removal.

15.     Pursuant to 28 U.S.C. § 1332(a), diversity jurisdiction also requires the amount in controversy to "exceed the sum or value of $75,000, exclusive of interest and costs."

16.     Plaintiff's Complaint alleges monetary damages, including compensatory damages, punitive damages, statutory damages and special damages, as well as her costs, including attorneys' fees. **Exhibit A**, ¶¶ 133, 145, 151, 169, 179, 184, 190, 205, 215 and; Wherefore Clause.

17.     A plain reading of Plaintiff's Complaint, together with the jurisdictional allegations herein, demonstrates that the amount in controversy exceeds the sum of $75,000.00, and thus, meets the jurisdictional amount required for removal based on diversity. *See* 28 U.S.C. § 1332(a).

18.     Because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the action is between citizens of different states, the District Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(a).

## VENUE

19.     This Notice of Removal is being filed in the Southern District of New York, the District and Division of the United States, which is the federal court for the District and Division within which the State Court Action is pending, as required by 28 U.S.C. § 1441(a) and 1446(a).

## NOTICES

20.     Attached hereto as **Exhibit D**  is a true and correct copy of the Notice to Clerk of the Supreme Court of New York of Filing of Notice of Removal, the original of which is being filed with the Supreme Court of the State of New York, County of New York, as required by 28 U.S.C. § 1446(d).

21.     Attached hereto as **Exhibit E** is a true and correct copy of the Notice to Adverse Party of Filing of Notice of Removal, the original of which is being served on Plaintiff's counsel, as required by 28 U.S.C. § 1446(d).

22.     The required filing fee of $400.00 and an executed civil cover sheet accompany the Notice.

23.     By filing this Notice of Removal, Defendants do not waive any defenses available to them at law, equity or otherwise.

**WHEREFORE,** Defendants respectfully request that the United States District Court for the Southern District of New York assume jurisdiction over the above-captioned action and issue such further orders and process as necessary to bring before it all parties necessary or trial of this action.

Dated: March 26, 2021
      New York, New York

                                **LITTLER MENDELSON, P.C.**

                              By:  /s/ Melissa Friedland
                                    Melissa Friedland
                                    900 Third Avenue
                                    New York, NY 10022
                                    (212) 583-9600
                                    *Attorneys for Defendants*

**TO:**   **LAW OFFICE OF THOMAS S. MIRIGLIANO, ESQ., P.C.**
        Thomas S. Mirigliano
        115 Broadway-Fifth Floor
        New York, NY 10006
        (917) 426-2688
        *Attorney for Plaintiff*